UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

UNITED STATES OF AMERICA,

v.

REYNALDO COLON,

        Defendant.

_____

**DECISION AND ORDER**

6:18-CR-06040 EAW

# BACKGROUND

Defendant Reynaldo Colon ("Defendant") was charged by criminal complaint filed on June 14, 2016, with violations of 21 U.S.C. § 841(a) (possession of controlled substances with intent to distribute), 18 U.S.C. § 924(c) (possession of a firearm in furtherance of a drug trafficking offense), and 18 U.S.C. § 922(j) (possession of a stolen firearm). (Dkt. 1). The charges were based on drugs and firearms discovered upon execution of a search warrant at an apartment allegedly occupied by Defendant (359 Alexander Street, Apartment #2, in the City of Rochester). (*Id.* at ¶ 4). The drugs were discovered next to the bed in the master bedroom, and two firearms were discovered in the master bedroom's closet. (*Id.* at ¶ 5).

On March 23, 2018, Defendant waived indictment and pleaded guilty before United States Magistrate Judge Marian W. Payson, based upon a referral order from the undersigned (Dkt. 35), to a two-count Information charging violations of 21 U.S.C. § 841(a)(1) (possession of fentanyl with intent to distribute) and 18 U.S.C. § 922(j) (possession of a stolen firearm). (Dkt. 37; Dkt. 38). Based on Judge Payson's Report and

Recommendation (Dkt. 39), this Court accepted Defendant's guilty plea (Dkt. 45) and sentencing was originally scheduled for August 6, 2018 (Dkt. 42). Sentencing was adjourned at Defendant's request to September 19, 2018. (Dkt. 53).

Sentencing did not go forward on September 19, 2018, due to concerns raised by the Court *sua sponte* with respect to a proposed 10-level upward departure in the offense level pursuant to U.S.S.G. § 5K2.21 as set forth in the Presentence Investigation Report ("PSR") (Dkt. 48 at ¶ 67), which was consistent with the Plea Agreement (Dkt. 38 at ¶ 11). While not specified in the Plea Agreement, at Defendant's plea hearing it was explained that this 10-level upward departure reflected the Government's agreement not to pursue the initially charged § 924(c) count, which would have resulted in a mandatory minimum sentence of five years to be imposed consecutively to any other sentence. (Dkt. 44 at 22-23). Specifically, the Plea Agreement stated as follows:

> It is the agreement of the parties, pursuant to Guidelines § 5K2.21 (dismissed conduct), that a 10-level upward departure is warranted to reflect the seriousness of the offense based on conduct underlying a potential charge not pursued as part of the plea agreement which did not fully enter into the determination of the applicable guideline range, which would result in a combined adjusted offense level of 30.

(Dkt. 38 at ¶ 11). Consistent with the Plea Agreement, the PSR stated as follows:

> Pursuant to the plea agreement, the parties agree, pursuant to Guidelines § 5K2.21 (dismissed conduct), that a 10-level upward departure is warranted to reflect the seriousness of the offense based on conduct underlying a potential charge not pursued as part of the plea agreement which did not fully enter into the determination of the applicable guideline range, which would result in a combined adjusted offense level of 30.

(Dkt. 48 at ¶ 67).

The Court expressed concerns over this upward departure, because the Guidelines calculation for the offenses of conviction already accounted for the conduct that served as the basis for the § 924(c) charge in the criminal complaint. Specifically, the PSR increased the offense level for the § 841(a)(1) charge by two levels pursuant to U.S.S.G. § 2D1.1(b)(1) because firearms were possessed by Defendant. As stated in the PSR:

> Subsequent to the search of 359 Alexander Street, Apartment #2, located in the City of Rochester, New York, officers located a Beretta Model 950-BS .25 caliber pistol, bearing serial number BU67186V, and a Rohm Model RG 20 .22 caliber revolver, bearing serial number 51441.

(Dkt. 48 at ¶ 39). Therefore, Defendant's possession of firearms in furtherance of his drug trafficking was already accounted for in the Guidelines calculation.[1] The Court raised questions as to whether this 10-level upward departure could be reconciled with the requirements of § 5K2.21, which states as follows:

> The court may depart upward to reflect the actual seriousness of the offense *based on conduct* (1) underlying a charge dismissed as part of a plea agreement in the case, or underlying a potential charge not pursued in the case as part of a plea agreement or for any other reason; *and* (2) *that did not enter into the determination of the applicable guideline range*.

U.S.S.G. § 5K2.21 (emphases added).

---

[1] The Beretta firearm also served as the basis for Defendant's conviction on Count 2 of the Information in violation of 18 U.S.C. § 922(j). (Dkt. 38 at ¶ 5(c)-(e)). However, the conduct that forms the basis for the conviction on Count 2 is arguably not the same as the conduct involved in the § 924(c) count that was not pursued. The § 922(j) conviction is based on the possession of a stolen firearm that traveled in interstate commerce, and it is not dependent on Defendant's drug trafficking. Thus, the parties could have theoretically agreed to a plea based solely on the possession of a stolen firearm, and then agreed upon an upward departure pursuant to § 5K2.21 for not pursuing a drug trafficking charge and the § 924(c) charge. However, that was not the parties' agreement.

- 3 -

Due to these concerns, the Court requested the Government to set forth in writing the basis for its belief that this upward departure could be applied pursuant to § 5K2.21.[2] (Dkt. 57). The Government submitted two letters to the Court setting forth its position concerning the 10-level upward departure under § 5K2.21. (Dkt. 60; Dkt. 61).

A further status conference was held before the undersigned on October 17, 2018, at which time the Court informed the parties that it would not be imposing the 10-level upward departure and sentencing was rescheduled to go forward on November 28, 2018. (Dkt. 59). This Decision and Order sets forth the Court's reasoning as to why it concludes that the parties' agreed-upon 10-level upward departure would run afoul of U.S.S.G. § 5K2.21.

## ANALYSIS

The Government argues that without an upward departure pursuant to § 5K2.21, "the potential sentence for a conviction under 18 U.S.C. § 924(c)(1), and thus the serious[ness] of the conviction, is not fully factored into the sentencing guideline range." (Dkt. 60 at 2). The Court does not necessarily disagree with the Government. However, § 5K2.21 applies not just when the Guidelines calculation fails to account for the seriousness of dismissed or not pursued charges; § 5K2.21 also requires that the Guidelines calculation for the charges that remain not account for the conduct that served as the basis for the dismissed or not pursued charges. In other words, the Government's position

---

[2] Defendant was also free to make an additional submission, although recognizing that the issue may ultimately benefit Defendant and also recognizing Defendant's desire not to breach the Plea Agreement, Defendant was not required to submit any filing and, indeed, he elected not to do so.

- 4 -

ignores the second part of § 5K2.21 requiring that the conduct underlying the dismissed or not pursued charge "not enter into the determination of the applicable guideline range." U.S.S.G. § 5K2.21.[3]

U.S.S.G. § 2D1.1(b)(1) provides that when calculating the Guidelines range for possessing controlled substances with the intent to distribute, the following specific offense characteristic applies: "If a dangerous weapon (including a firearm) was possessed, increase by 2 levels." The Government argues that this 2-level increase "does not reflect the seriousness of any potential offense brought under 18 U.S.C. § 924(c)(1)," as it only increases the recommended Guidelines range by a 6-month interval, as opposed to the 5-year consecutive sentence that must be imposed for a § 924(c)(1) conviction. (Dkt. 60 at 2). The Government's argument is well-taken. In other words, a 2-level increase pursuant to § 2D1.1(b)(1) is not commensurate with the punishment that would have been imposed had Defendant been convicted pursuant to 18 U.S.C. § 924(c)(1).

Nonetheless, § 5K2.21's applicability is based on conduct, and it plainly states that the upward departure can only occur if the conduct that serves as the basis for the conclusion concerning the seriousness of the offense "did not enter into the determination of the applicable guideline range." U.S.S.G. § 5K2.21(2). Here, the conduct at issue—Defendant's possession of firearms in connection with his drug trafficking—is already

---

[3] Importantly, the Court does not have the option of applying a 10-level upward departure pursuant to § 5K2.21 instead of applying the 2-level increase pursuant to § 2D1.1(b)(1) because § 1B1.1 counsels that the Court must first calculate the base offense level and any appropriate specific offense characteristics for the offense of conviction before considering a departure pursuant to Chapter Five. *See* U.S.S.G. § 1B1.1.

accounted for in the 2-level increase pursuant to § 2D1.1(b)(1) which, as stated in Application Note 11(A), "reflects the increased danger of violence when drug traffickers possess weapons." *Id.* § 2D1.1 Application Note 11(A); *see United States v. Smith*, 215 F.3d 237, 241 (2d Cir. 2000) ("[O]nce the government has established that a weapon's presence was reasonably foreseeable to the defendant during conduct (*i.e.* the storage and cutting of drugs) relevant to the offense (*i.e.* distribution of drugs) at issue, the enhancement will apply, unless the defendant demonstrates that it is clearly improbable that the weapon was connected with the drug offense." (citation omitted)).

The Government also argues that the proof requirements are different for § 2D1.1(b)(1) and § 924(c)(1) (Dkt. 60 at 2)—and the Court agrees with the Government. The 2-level increase pursuant to § 2D1.1(b)(1) is warranted "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1 Application Note 11(A). Therefore, conduct could serve as the basis for an increase under § 2D1.1(b)(1) that may not justify a conviction under § 924(c)(1). *Cf. United States v. Smythe*, 363 F.3d 127, 129 n.1 (2d Cir. 2004) ("that which counts as 'use' within § 924(c)(1) would seem to include 'possession' for purposes of § 2D1.1(b)(1)"). However, the issue is whether the conduct *in this case* that serves as the basis for the § 2D1.1(b)(1) increase is the *same conduct* that served as the basis for the § 924(c)(1) charge that was not pursued—and as the Government conceded at the appearance before the undersigned on October 17, 2018, it is the same conduct—namely, Defendant's possession of firearms in the master bedroom closet and his possession of drugs intended for distribution in the master bedroom.

The Court's research has not revealed a case dealing with the specific factual scenario at issue here, and the parties have not cited any such case. The Government cited *United States v. White Twin*, 682 F.3d 773 (8th Cir. 2012), for the proposition that the upward departure could apply in this case. (Dkt. 61). The defendant in that case pleaded guilty to assault with a dangerous weapon in violation of 18 U.S.C. § 113(a)(3). After being sentenced to 84 months' imprisonment, the defendant appealed arguing that "the district court improperly granted departures that were adequately taken into consideration by the Guidelines and were not supported by the record." *Id.* at 775. The district court granted upward departures under four separate Guidelines: §§ 4A1.3 (criminal history inadequacy), 5K2.3 (extreme psychological injury), 5K2.8 (extreme conduct), and 5K2.21 (dismissed and uncharged conduct). *Id.* However, the defendant's objection to the § 5K2.21 enhancement did not raise the issue of whether the court improperly considered conduct that had already been factored into the Guidelines calculation, and that issue was not addressed by the court. *See id.* at 777-78. Therefore, this Court does not view *White Twin* as on point.

Other case law, albeit outside the Second Circuit, supports the Court's conclusion here. *See United States v. Stephens*, 373 F. App'x 457, 461-62 (5th Cir. 2010) (district court committed procedural error by applying an offense level enhancement under § 2B3.1(b)(2)(E) based on brandishing or possessing firearm during robbery and upwardly departing pursuant to § 5K2.21 based on uncharged § 924(c) offense, as well as by upwardly departing under both § 4A1.3 and § 5K2.21 based on same uncharged conduct); *United States v. Meares*, 288 F. App'x 892, 894 (4th Cir. 2008) (vacating sentence because

district court impermissibly double counted the conduct in the dismissed count by using it as a basis for application of enhancement during its determination of Guidelines calculation for offense of conviction and as basis for upward departure under § 5K2.21); *cf. United States v. Mack*, 452 F.3d 744, 746 (8th Cir. 2006) ("When departing under § 5K2.21, the district court cannot enhance a sentence based on a factor already counted in the original sentence. . . . [The defendant's] argument, however, is without merit because the district court relied on different conduct when determining [the defendant's sentence]. . . .").

Moreover, the Court's conclusion is further buttressed by the fact that if, in fact, Defendant had been convicted of a § 924(c) count based on the presence of the firearms in the master bedroom closet (including just one of the firearms), the Guidelines calculation for the drug trafficking offense could not have included the § 2D1.1(b)(1) enhancement, consistent with U.S.S.G. § 2K2.4 Application Note 4. In other words, an upward departure for the non-pursuit of a § 924(c) charge when the conduct has already been accounted for in the Guidelines calculation for the underlying offenses, not only contravenes the express requirements of § 5K2.21, it also arguably conflicts with the policy behind the operation of § 2K2.4 (the Guideline applicable to a § 924(c) conviction).

This is not to say that the Government was prevented from crafting a plea agreement in this case to reflect its agreement not to pursue a § 924(c)(1) count by, for example, entering into an agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C), so that regardless of the Guidelines calculation by the Court, the Government would have had the option to withdraw from the plea agreement if the Court did not accept an agreed-upon sentence or sentencing range as an appropriate sentence, or as noted above, by agreeing to a plea based

solely on the possession of a stolen firearm with a more significant upward departure pursuant to § 5K2.21. *See* note 1, *supra*. Similarly, this does not mean that the Court may not ultimately elect to exercise its discretion and impose a sentence outside the Guidelines based upon its consideration of the factors set forth at 18 U.S.C. § 3553(a). However, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007) (citation omitted). Here, increasing the offense level based on the same conduct that already has been accounted for in the Guidelines calculation would violate the provisions of § 5K2.21 and, therefore, the Court declines to apply the 10-level upward departure as agreed-upon by the parties and as set forth in the PSR.

## CONCLUSION

For the foregoing reasons, the Court declines to apply an upward departure pursuant to U.S.S.G. § 5K2.21.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: November 5, 2018
      Rochester, New York